UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHAN A. WITKOP,

                                    Appellant,                      8:20-cv-01567 (BKS)

v.

JESSICA MCCARTHY, as Administrator of the Estate of
Jay F. McCarthy, BRIAN R. KERRIGAN, M.D., MARK
H. CANTOR, AND DAVID J. WOLFF, JR.

                                    Appellees.
_____

**Appearances:**

*For Appellant:*
David H. Ealy
Trevett Cristo
Two State Street, Suite 1000
Rochester, NY 14614

*For Appellee Jessica McCarthy:*
Merritt S. Locke
Saunders Kahler, L.L.P.
185 Genesee Street, Suite 1400
Utica, NY 13501

*For Appellee Kerrigan:*
Patrick G. Radel
Getnick Livingston Atkinson & Priore, L.L.P.
258 Genesee Street, Suite 401
Utica, NY 13502

*Appellees pro se:*
Mark H. Cantor
David J. Wolff, Jr.
Cantor & Wolff
2140 Main Place Tower
Buffalo, NY 14202

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

Debtor-Appellant Nathan A. Witkop brings this appeal, (Dkt. No. 1), from an order of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") denying his Motion for Contempt, Motion to Enjoin, and Motion for Sanctions for Violation of the Discharge Injunction (the "Bankruptcy Court Order"), (*id.* at 3). Witkop's motion before the Bankruptcy Court sought: (1) "a determination that the debts owed to the [Appellees] were discharged by the Chapter 7 order of discharge issued in [Witkop's] bankruptcy case"; (2) "an order enjoining [Appellees] from attempting to collect any discharged pre-petition debts"; and (3) "an order finding [Appellees] to be in contempt of the order of discharge due to their actions in pending pre-petition state court litigation between the parties." (Dkt. No. 4-20, at 3). In an oral decision, the Bankruptcy Court denied Witkop's motion, finding, in summary, that: (1) all parties agreed that the discharge order entered in Witkop's bankruptcy case barred Appellees from seeking any recovery from Witkop personally; (2) Witkop's motion was not ripe for review because Appellees had represented that they "will act in full conformance with the discharge injunction" and "will not take any action to collect attorney's fees, costs, or other awards rendered by the state [c]ourt against debtor personally," and because "certain outcomes in the state court litigation, including pending appeals, could moot out debtor's requests for relief"; and (3) the discharge injunction did not "shield debtor from his responsibility to participate in the state court litigation" to the extent that litigation was brought to collect damages from his malpractice insurance provider, Allied Professionals Insurance Company ("Allied") rather than from Witkop personally. (*Id.* at 3-9).

Presently before the Court is Witkop's motion for a Temporary Restraining Order ("TRO") "temporarily restraining Appellees . . . from continuing [their state court proceedings]

against Appellant . . . pending a hearing on Appellant's motion for a preliminary injunction." (Dkt. No. 9, at 1).[1] The Court held a telephonic hearing regarding Witkop's motion on April 19, 2021. The Court has considered all the submissions and evidence Witkop has submitted in support of his motion, (Dkt. Nos. 9, 10, 12, 13, 14), as well as the oppositions filed by Appellees McCarthy and Kerrigan, (Dkt. Nos. 15, 16), and the arguments raised at the telephonic hearing. For the following reasons, Witkop's motion is denied.

Rule 65 of the Federal Rules of Civil Procedure governs temporary restraining orders and preliminary injunctions. In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction. *Fairfield Cty. Med. Ass'n v. United Healthcare of New Eng.*, 985 F. Supp. 2d 262, 270 (D. Conn. 2013), *aff'd*, 557 F. App'x 53 (2d Cir. 2014); *AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ("It is well established that the standard for an entry of a temporary restraining order is the same as for a preliminary injunction."). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).[2]

---

[1] Witkop's motion for a preliminary injunction, in turn, seeks an order "enjoining the [state court proceedings] pending a determination of the instant appeal." (Dkt. No. 10, at 13).

[2] Generally, preliminary injunctions are prohibitory or mandatory. *N. Am. Soccer League*, 883 F.3d at 36. "Prohibitory injunctions maintain the status quo pending resolution of the case; mandatory injunctions alter it." *Id.* The "status quo . . . is, 'the last actual, peaceable uncontested status which preceded the pending controversy.'" *Id.* at 37 (quoting *Mastrio v. Sebelius*, 768 F.3d 116, 120 (2d Cir. 2014) (per curiam)). A party seeking a mandatory injunction "must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" *Id.* (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)). Here, the parties have not addressed whether the TRO Witkop seeks is prohibitory or mandatory and the Court need not address that issue because, for the reasons set forth below, Witkop's motion does not satisfy even the lower standard for prohibitory relief.

Here, Witkop has failed to demonstrate a "likelihood of success on the merits" or "serious questions on the merits" on his claim that the Bankruptcy Court erred in denying his motion, which, in essence, sought to enforce the discharge injunction under 11 U.S.C. § 524 to bar Appellees from proceeding with their state court litigation against him. A District Court reviews a Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*, *In re Stoltz*, 315 F.3d 80, 87 (2d Cir. 2002) (citing *McCord v. Agard*, 252 F.3d 113, 116 (2d Cir. 2001)), while mixed questions of law and fact are reviewed *de novo*, *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). "[A] district court 'may affirm [the bankruptcy court's decision] on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decision[] below.'" *Rozier v. Rescap Borrower Claims Trust*, No. 15-cv-3248, 2016 WL 796860, at *7, 2016 U.S. Dist. LEXIS 21204, at *19 (S.D.N.Y. Feb. 22, 2016) (quoting *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010) (second and third alterations original in *Rozier*)).

Witkop seeks a finding that Appellees' state court proceedings against him are prohibited by 11 U.S.C. § 524, which provides, in relevant part:

A discharge in a case under this title-

(1) voids any judgment at any time obtained, *to the extent that such judgment is a determination of the personal liability of the debtor* with respect to any debt discharged . . .;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset *any such debt as a personal liability of the debtor* . . .

(e) Except as provided in subsection (a)(3) of this section, *discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.*

4

11 U.S.C. § 524(a), (e) (emphasis added). Here, no party disputes that Witkop's *personal* liability to Appellees, if any, is discharged under § 524; rather, they dispute whether Appellees may proceed against him for purposes of establishing liability and recovering damages from Allied as his malpractice insurer.

In the Second Circuit, the general rule is that "§ 524 permits a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer," and thus "permits [a plaintiff] to continue her suit against [a discharged defendant] to establish liability as a precondition to recovery from [the defendant's] liability insurer." *Green v. Welsh*, 956 F.2d 30, 35 (2d Cir. 1992). However, "to insure that the fresh start objective of the Bankruptcy Code is respected when litigation against the debtor is allowed to continue," federal courts in this circuit have placed the following limitations on this principle: "(1) the plaintiff can maintain the action against the debtor only when it is necessary to establish liability against a third party; (2) the plaintiff can maintain the action against the debtor only if the debtor bears none of the expense of the defense; and (3) most important, the plaintiff may not execute on any judgment he may obtain against the debtor, either against the debtor personally, or against his assets." *DePippo v. Kmart Corp.*, 335 B.R. 290, 298 (Bankr. S.D.N.Y. 2005) (citation omitted); *see also, e.g., Hejmanowski v. Bykowicz*, No. 09-cv-915A, 2010 WL 161446, at *3, 2010 U.S. Dist. LEXIS 2742, at *9-12 (W.D.N.Y. Jan. 13, 2010) (granting a former debtor's motion to dismiss claims arising from pre-bankruptcy events on the grounds that, because the debtor would have to pay a self-insured retention before any insurance coverage for the claim would be triggered, "there is no way to allow a determination of liability to proceed without violating Section 524(a)(2)").

Here, the Bankruptcy Court found that Appellees have represented that they "will act in full conformance with the discharge injunction" and "will not take any action to collect

5

attorney's fees, costs, or other awards rendered by the state [c]ourt against debtor personally." (Dkt. No. 4-20, at 7-8). Witkop has not contested this finding or suggested that Appellees are misrepresenting their intentions. Moreover, while (as described further below) a dispute has now arisen over whether Allied will continue to pay Witkop's defense costs in the state court litigation, Witkop appears to concede to the Bankruptcy Court's finding that, at the time the Bankruptcy Court Order was issued, Allied was "paying the attorney's fees of [Witkop's] counsel on both the bankruptcy case and the state court litigation." (*Id.* at 6; *see also* Dkt. No. 9-8, at 2 ("Allied has thus far provided Appellant with a defense to the [state court proceedings]")). Because there appears to be no real dispute that, at the time the Bankruptcy Court Order was entered, none of the factors warranting an exception to the usual *Green* rule were met, Witkop has provided no basis for the Court to find even a substantial question as to whether the Bankruptcy Court erred in denying his motion as unripe.

Moreover, even if the Court considers developments that have happened *after* the Bankruptcy Court Order was issued, Witkop has not demonstrated a "likelihood of success on the merits" or "serious questions on the merits" as to whether the ongoing state court litigation violates the discharge injunction. Here, Witkop primarily relies on the fact that, after the Bankruptcy Court Order was issued, Allied formally "disclaimed coverage and any obligation to pay any future judgment or arbitration award entered against" Witkop, and averred that it "has no obligation to pay ***and shall not pay or reimburse*** any person or entity for any additional sums allegedly due on account of attorney's fees and costs incurred in those proceedings," thus forcing Witkop to pay the costs of his own defense going forward, including a $10,000 retainer for an upcoming arbitration. (Dkt. No. 13, at 2-3; *see also* Dkt. No. 13-2, at 2-3). As noted above, courts have found litigation against a former debtor to violate the discharge injunction where the

debtor is forced to pay its own defense costs because it clearly does not have insurance to cover those costs (for example, in cases where the debtor's policy provides excess insurance that is only triggered after exhaustion of a self-insured retention). *See, e.g., Hejmanowski*, 2010 WL 161446, at *3, 2010 U.S. Dist. LEXIS 2742, at *9-12; *In re Columbia Gas Transmission Corp.*, 219 B.R. 716, 719-21 (S.D. W. Va. 1998). Here, however, Allied's refusal to continue to pay Witkop's defense costs, based solely on its own litigation position that the policy it issued to Witkop does not cover any judgments Appellees might obtain on their claims, does not justify barring Appellees from proceeding with the state court litigation, given that "there has been no determination by a court of competent jurisdiction as to the issue of coverage." *See, e.g.*, *In re Werness*, No. 10-08397-8, 2012 Bankr. LEXIS 5745,[3] at *18 (Bankr. E.D.N.C. Dec. 13, 2012).

Even assuming Allied maintains its position and refuses to pay the arbitrator's required retainer or provide Witkop with a defense to the state court proceedings going forward, allowing the litigation to proceed does not necessarily violate the discharge injunction. Because that injunction prohibits any party from seeking to collect a judgment from Witkop himself, he is free to forego paying any future litigation costs and default with no risk of personal liability. Thus, if Allied chooses not to pay the arbitrator's retainer or Witkop's other future defense costs, it is Allied, not Witkop, that assumes the financial risks and consequences that flow therefrom, including the risk that a court of competent jurisdiction may ultimately disagree with its arguments that its policy does not cover Appellees' claims and that it is not required by law to provide him with a defense to those claims. *See, e.g.*, *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 976 (11th Cir. 1989) ("[I[f there is a dispute between the bankrupt and the insurer as to the applicability of coverage, it remains in the interest of the insurer to defend the suit . . . [T]he

---

[3] No parallel Westlaw citation available.

7

debtor would be free to default because the Plaintiff cannot recover directly from the bankrupt estate.").

Witkop also has not demonstrated that allowing the state court litigation to proceed against him will lead to the irreparable harm necessary for a TRO to issue. Setting aside that harm is "irreparable" for purposes of a TRO only if it is a kind "for which a monetary award cannot be adequate compensation," *Pisarri v. Town Sports Int'l, LLC*, 758 F. App'x 188, 190 (2d Cir. 2019) (citations omitted), as discussed above, allowing the state court litigation against Witkop to proceed does not actually require Witkop to incur any future litigation costs, since the discharge injunction leaves him free to default without risking any personal liability. Nor does the fact that a judgment against him (resulting from his default or otherwise) might cause Appellant to "face significant indirect financial losses by means of impaired credit, and potentially higher insurance premiums and licensing board review and censure," (Dkt. No. 10, at 12), or that Appellant may "suffer professionally from an adverse determination" in the state court proceedings, (Dkt. No. 10-8, at 21), provide a basis for injunctive relief at this time. These risks are presumably present in every medical malpractice case in which a plaintiff proceeds against a discharged debtor for purposes of collecting from the former debtor's insurer, yet 11 U.S.C. § 524 clearly does not prohibit such suits absent the factors articulated in *DePippo*.

For these reasons, it is hereby

**ORDERED** that Witkop's motion for a TRO (Dkt. No. 9) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 20, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge